**AFFIRM as modified; and Opinion Filed April 11, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00578-CV**

**LAST FRONTIER REALTY CORPORATION, Appellant**
**V.**
**BUDTIME FOREST GROVE HOMES, LLC, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-13968**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Brown

Appellant Last Frontier Realty Corporation (Last Frontier) appeals a summary judgment dismissing its claims against appellee Budtime Forest Grove Homes, LLC (Budtime) in this dispute concerning responsibility for insuring property encumbered by a deed of trust. In two issues, Last Frontier contends the trial court erred in (1) denying its statutory right of appeal and (2) granting summary judgment when Budtime, and not Last Frontier, breached the deed of trust. For the following reasons, we modify the trial court's judgment and affirm the judgment as modified.

BACKGROUND

In March 2015, Last Frontier executed a promissory note in favor of Budtime in the principal amount of $250,000. To secure repayment of the note, Last Frontier also executed a deed

of trust covering a property in Garland, Texas. Under the deed of trust, Last Frontier's failure to "comply with or to perform any . . . terms, obligations, covenant or condition" contained in the deed of trust constituted an "event of default."

Among other obligations in the deed of trust, Last Frontier agreed to:

> maintain, at [Last Frontier's] expense, all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that [Budtime] reasonably requires ("Required Insurance Coverages"),[1] issued by insurers and written on policy forms acceptable to [Budtime], and deliver evidence of the Required Insurance Coverages in a form acceptable to [Budtime] at least ten days before the expiration of the Required Insurance Coverages.

The deed of trust also provided for Last Frontier to make payments to an escrow fund for taxes and insurance premiums:

> 19. [Last Frontier] agrees to make an initial deposit in a reasonable amount to be determined by [Budtime] and then make monthly payments to a fund for taxes and insurance premiums on the Property. [Last Frontier] shall pay to [Budtime] on the date installments are payable under the Note, escrowed sums equal to one-twelfth $(1/12^{th})$ of the sum estimated by [Budtime] for payment of the annual sum for funding all taxes assessed against the Property (estimated whenever necessary), and premiums for all insurance . . . . The escrowed sums may be held by [Budtime] in noninterest-bearing accounts and may be commingled with [Budtime's] other funds . . . . If no Event of Default shall have occurred and be continuing hereunder, the escrowed sums shall by repaid to [Last Frontier] in sufficient time to allow [Last Frontier] to satisfy [Last Frontier's] obligations under the Security Documents to pay the taxes or, at the option of [Budtime], shall be paid direction [sic] to the Governmental Authority or insurance agent entitled thereto. If an Event of Default shall have occurred and be continuing hereunder, however, [Budtime] may credit the full amount of the escrowed sums or any part thereof against the Indebtedness.

***

The parties' settlement statement reflects that Last Frontier obtained a commercial property insurance policy, paying a one-year premium to its agent and an additional payment covering three

---

[1] "Required Insurance Coverage" included liability insurance, worker's compensation insurance, and property insurance "against loss or damage by fire, storm, gas (if gas is used on the Property), and all other hazards under a standard all-risk extended coverage enforcement for an amount equal to the original amount of the Note and other debt secured by this deed of trust or the full insurance value of the Property whichever is less, and also insurance against other risks, including flood, if the Property is in a flood hazard area, and earthquake and mud slide, if requested by [Budtime]; the insurance will also cover loss of rents from the Property or other loss due to business interruption on the Property for the time that the Property is unavailable because of any causality."

months of premium as "Reserves Deposited with Lender." Thereafter, Last Frontier included payments of $220.31 with its monthly note payments to be held in escrow for insurance premiums.

The insurance policy obtained by Last Frontier expired without renewal in March 2016, and a storm damaged the property in August 2016. Budtime sent Last Frontier a notice of default, contending Last Frontier had agreed, but failed to: (1) deliver evidence of the required insurance coverages at least ten days before the expiration of the coverages; (2) maintain all required insurance coverages; (3) maintain and preserve the property in good repair and condition; and (4) make payments when due under the promissory note. Budtime demanded that Last Frontier cure the default, including providing evidence of insurance and repairs to the property and paying late fees that were due.

Last Frontier responded with proof of a new insurance policy it obtained in August 2016 and requested an accounting of the late fees owed. Last Frontier also sent a demand letter that Budtime pay for the storm repairs that would have been covered by insurance if the previous policy had been renewed. In October 2016, however, Last Frontier received a notice of foreclosure sale. It brought this suit, seeking a temporary restraining order, temporary injunction, and permanent injunction enjoining foreclosure and asserting causes of action for breach of contract, breach of fiduciary duty, negligence, and fraud arising from Budtime's failure to pay the insurance premiums when the premiums came due.[2]

The trial court entered a temporary injunction order requiring Budtime to desist and refrain from proceeding with foreclosure, but subsequently granted a motion filed by Budtime to dissolve the injunction. Budtime also filed a motion for summary judgment on all of Last Frontier's claims,

---

[2] In its petition, Last Frontier also asserted Budtime's refusal to accept Last Frontier's payments and provide an accounting of alleged late fees constituted breach of contract, but, in this appeal, Last Frontier argues only that Budtime breached the deed of trust by not paying to renew the policy or releasing the escrowed funds to Last Frontier so it could pay to renew. Nor has Last Frontier appealed the trial court's summary judgment on any claim other than this breach of contract.

asserting, among other things, that Budtime had no duty to provide insurance or pay premiums on a renewal policy that Last Frontier never obtained. Last Frontier responded that the deed of trust and other loan documents prepared by Budtime placed both the burden on Budtime to either send monies to Last Frontier to pay for insurance or to pay for insurance directly.

The trial court granted Budtime's motion and entered summary judgment dismissing Last Frontier's claims with prejudice. Last Frontier appeals the judgment because (1) the judgment recites that it is "unappealable," denying Last Frontier its right of appeal, and (2) there is a genuine issue of material fact regarding whether Budtime breached the deed of trust by failing to either pay to renew the insurance policy directly or timely repay the escrowed funds to Last Frontier so Last Frontier could pay to renew the policy.

### RIGHT TO APPEAL

In its first issue, Last Frontier seeks reversal of the trial court's judgment because the judgment erroneously states it is "unappealable." In pertinent part, the judgment provides that the trial court heard Budtime's motion for summary judgment "as to all claims asserted by [Last Frontier]" and:

> . . . this Court finds that the Motion should be, and hereby is GRANTED in all respects.
>
> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that [Last Frontier's] claims asserted herein are hereby dismissed with prejudice, and all costs of court are taxed against [Last Frontier].
>
> This order disposes of all claims and all parties.
>
> This order is final and *unappealable*, and all relief not expressly granted herein is denied.

(Emphasis added). Budtime contends the word "unappealable" is simply a typographical error that should be reformed, and we agree.

–4–

We are authorized to reform a judgment to correct clerical errors. *See Kalyanaram v. Univ. of Tex. Sys.*, No. 03-05-00642-CV, 2009 WL 1423920, at *7 (Tex. App.—Austin May 20, 2009 no pet.) (mem. op.) (changing phrase "without prejudice" in trial court's summary judgment to "with prejudice" because an order granting summary judgment necessarily entails dismissal *with* prejudice); *see also Asbury v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Clearly, an appeal may be taken from a final judgment, including a summary judgment like the one in this case, disposing of all pending parties and claims in the record. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 206 (Tex. 2001). Apart from the word "unappealable," nothing in the judgment or otherwise in the record indicates the trial court intended to limit Last Frontier's right to appeal in any way. Accordingly, we conclude the word "unappealable" is a clerical error and reform the trial court's judgment to replace "unappealable" with "appealable." *See, e.g., Kalyanaram*, 2009 WL 1423920, at *7. To the extent Last Frontier seeks reversal of the summary judgment on this basis, we overrule its first issue.

## DUTY TO OBTAIN INSURANCE

In its second issue, Last Frontier contends the trial court erred in granting summary judgment by "ignoring" Budtime's breach of the deed of trust. Specifically, Last Frontier argues Budtime breached paragraph 19 of the deed of trust when it neither directly paid to renew Last Frontier's policy nor released the funds held in escrow to Last Frontier so Last Frontier could pay to renew the policy.

To prevail on a traditional summary judgment motion, the movant has the burden of showing there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *See Community Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017); TEX. R. CIV. P. 166a(c). An issue is conclusively established if "reasonable minds could not differ about the conclusion to be drawn from the record." *Hansen*, 525 S.W.3d at 681. We review a trial

court's order granting summary judgment de novo, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id*. at 680.

A deed of trust is subject to the same rules of construction that apply to contracts. *See Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 867 (Tex. App.—Dallas 2005, no pet.). We review questions of contract construction de novo. *See Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 449 (Tex. 2015). In construing a contract, we ascertain the true intentions of the parties as expressed in the writing itself. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011). We give terms their generally accepted meaning, unless doing so would defeat the parties' intent. *Adams*, 154 S.W.3d at 867–68. We examine and consider the entire writing to harmonize and give effect to all provisions. *Cowboy Partners, Ltd.*, 341 S.W.3d at 333. No single provision is controlling; rather, we consider all provisions with reference to the whole writing. *Seagull Energy E & P, Inc. v. Eland Energy*, 207 S.W.3d 342, 345 (Tex. 2006). If the wording is such that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous and we will construe the contract as a matter of law. *Italian Cowboy Partners*, 341 S.W.3d at 333; *Coker v. Coker*, 650 S.W.3d 391, 393 (Tex. 1983).

Last Frontier contends the purpose of the escrow fund was to guarantee payment of taxes and insurance and paragraph 19 of the deed of trust must be construed to provide directions for those payments. Paragraph 19 clearly requires Budtime to preserve the escrow funds for payment of taxes and insurance premiums. *See EMC Mortgage Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.) (an escrow agreement is "a contract formed for the purpose of preserving funds so they will be available for disbursement when payment is authorized."). As for payment directions, paragraph 19 permits Budtime, at its option, to make payments directly to a taxing authority or "an insurance agent entitled thereto." Paragraph 19 also requires Budtime to

repay escrowed funds to Last Frontier "in sufficient time" to allow Last Frontier to satisfy its obligations to pay taxes. Paragraph 19, however, does not impose a commensurate duty on Budtime to repay escrowed funds to Last Frontier to satisfy its obligations to pay insurance premiums. Although Last Frontier would have us construe the deed of trust to require Budtime to do so, we are not free to change the contract simply because one of the parties thinks something not explicitly provided is needed. *See Birnbaum v. Swepi LP*, 48 S.W.3d 254, 257 (Tex. App.—San Antonio 2001, pet. denied).[3]

Moreover, the deed of trust expressly places the duty on Last Frontier to "maintain . . . all insurance coverages with respect to the Property." *See Garcia v. Bank of Am. Corp.,* 375 S.W.3d 322, 334–35 & n.15 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (agreement that mortgagor "shall keep the improvements now existing or hereafter erected on the Property insured against loss," and "[t]his insurance shall be maintained…." makes clear mortgage servicing company had no duty to renew existing policy because duty to provide and maintain insurance was on mortgagor). The deed of trust further requires Last Frontier to deliver evidence of the required insurance coverage at least ten days before the coverage expires. The summary judgment evidence, however, shows Last Frontier did not deliver proof of coverage to Budtime at least ten days before the existing coverage expired. Nor did it provide any kind of instructions on where to send, or otherwise how to pay, insurance premiums.

Considering all of its provisions, including paragraph 19, the deed of trust unambiguously placed the duty on Last Frontier to renew its existing policy (or obtain a different policy if it so chose) and provide timely evidence of coverage to Budtime. Last Frontier could have, but did not, request that Budtime repay the escrowed funds so Last Frontier could pay to renew the policy.

---

[3] There is no doubt that the deed of trust, which was drafted by Budtime, could have provided more detailed instructions for the payment of both taxes and insurance premiums with the escrowed funds. However, Last Frontier has not argued, and thus we do not address whether, the provisions of the deed of trust are unconscionable.

Because the deed of trust imposed no duty on Budtime to automatically either repay the escrowed funds to Last Frontier or pay to renew Last Frontier's insurance directly, Budtime established it was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in favor of Budtime on Last Frontier's claims against it.

We modify the trial court's summary judgment to replace "unappealable" with "appealable" and, as modified, affirm the judgment.

/Ada Brown/
ADA BROWN
JUSTICE

180578F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAST FRONTIER REALTY
CORPORATION, Appellant

No. 05-18-00578-CV      V.

BUDTIME FOREST GROVE HOMES,
LLC, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-13968.
Opinion delivered by Justice Brown;
Justices Schenck and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the trial court's summary judgment is **MODIFIED** to replace "unappealable" with "appealable."

As modified, the judgment is **AFFIRMED**. It is **ORDERED** that appellee BUDTIME FOREST GROVE HOMES, LLC recover its costs of this appeal from appellant LAST FRONTIER REALTY CORPORATION.

Judgment entered this 11th day of April, 2019.